USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/27/21

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

NOCHUM C. WILNER, an individual and,
ESTY WILNER; an individual, on behalf of
themselves and all others similarly situated,

                Plaintiffs,

vs.

LEOPOLD & ASSOCIATES, PLLC, a New
York Professional Limited Liability Company;
OCWEN LOAN SERVICING, LLC, a
Delaware Limited Liability Company; and
JOHN AND JANE DOES NUMBERS 1
THROUGH 25,

                Defendants.

---------------------------------------------------------------x

CASE NO. 7:15-cv-09374-KMK

**ORDER GRANTING**
**PRELIMINARY APPROVAL OF**
**CLASS ACTION**
**SETTLEMENT AGREEMENT**

       The Court having considered Plaintiffs' Motion [Doc. 147] in which they seek a hearing to find their Class Action Settlement Agreement ("Settlement") with Defendant, Leopold & Associates, PLLC is fair, reasonable, and adequate, and, in furtherance of such hearing, Plaintiffs seek approval of the form and method for giving notice of the hearing to all class members who would be bound by the agreement and other relief, and Defendant having consented to the form and entry of this Order, and, based on the Motion record presented to the Court, the Court is satisfied that, as required under Rule 23(e)(1)(B)(i) and (ii), the Court will likely be able to approve the Settlement under Rule 23(e)(2) and certify the class for purposes of judgment on the Settlement including:

    A. The members of the Class can be identified by name and last known address from Defendant's records;

    B. The Class is so numerous that joinder of all members is impractical in that there are approximately 2,050 members;

    C. There are questions of law and fact common among Plaintiffs and the Class;

D. Plaintiffs' claims are typical of the Class members' claims;

E. Plaintiffs are appropriate and adequate representative for the Class with no apparent interest in conflict with the interests of the Class;

F. The questions of law and fact common to the Class predominate over any questions affecting only individual members;

G. A class action is superior to other methods for fairly and efficiently settling this controversy;

H. Plaintiffs' counsel, Abraham Kleinman and Philip D. Stern, have and will continue to fairly and adequately represent the interests of the Class;

I. The factors for approval of class action settlements set forth in Rule 23(e)(2) and *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974) weigh in favor of the likelihood the Court will approve the Agreement;

and for good cause shown;

**IT IS HEREBY ORDERED:**

1. Plaintiffs' Motion is GRANTED.

2. The Court will conduct a Hearing as to whether the Settlement is fair, reasonable, and adequate. The **Hearing** is scheduled for the date and time set forth in ¶9. The Court may adjourn the Hearing to a later date and time without further notice to the Class.

3. The Court approves the form of Class Notice submitted with Plaintiff's Motion.

4. The Court approves serving the Class Notice by mail pursuant to the notice plan set forth in the Settlement which includes, among other things, updating address records from the U.S. Post Office's National Change of Address Database, re-mailing of returned notices when updated addresses are available, and the exclusion of those class members who do not receive the Class Notice.

5. In accordance with the Settlement, Defendant shall secure the services of a reputable class action administrator to fulfill the obligations of the Administrator as set forth in the Settlement. The initial mailing of the Class Notice to all Class members shall be completed by the **Class Notice Mailing Deadline** set forth in ¶9.

6. Any member of the Class may request to be excluded from the Class in writing and in accordance the procedure set forth in the Class Notice. All requests received or postmarked by the **Exclusion Deadline** set forth in ¶9 shall be excluded from the Class. Any request received or postmarked after the Exclusion Deadline may, in the Court's discretion and after hearing from the Parties, grant or deny the request.

7. Any member of the Class may object to or oppose the Court's approval of Settlement. An objection must be in writing and contain the information as set forth in the Class Notice. An objection must be filed by the **Objection Deadline** set forth in ¶9. Any objection filed after the Objection Deadline will be overruled as untimely and not considered on the merits.

8. The Parties shall file all materials for consideration at the Hearing no later than the **Submission Deadline** set forth in ¶9. Such materials shall include but not be limited to Class Counsel's application for approval of attorneys' fees and expenses, any response to a timely-filed objection, Defendant's proof of service of the notices required under 28 U.S.C. § 1715, and the administrator's report regarding the mailing of the Class Notice and its receipt of requests for exclusion.

9. The following dates and/or times are set for the following:

   a. Class Notice Mailing Deadline: ...........................................October 1, 2021;
   b. Exclusion Deadline: ......................................................November 5, 2021;
   c. Objection Deadline: ......................................................November 5, 2021;

d.   Submission Deadline: ......................................................November 19, 2021;

e.   Hearing:......................................................December 3, 2021 at 10:00 A.M.

**SO ORDERED:**

_____
HONORABLE PAUL E. DAVISON
Chief United States Magistrate Judge

9/27/21

Wilner, et al. v. Leopold & Associates, PLLC, et al.
c/o [INSERT ADMINISTRATOR'S NAME & ADDRESS]

Class Member ID: <<refnum>>

<<First Name>> <<Last Name>>
<<Address 1>>
<<Address 2>>
<<City>>, <<State>> <<ZIP>>-<<ZIP4>>

## UNITED STATE DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

*Wilner, et al. v. Leopold & Associates, PLLC, et al.,* Case No. 7:15-cv-09374-PED

# AMENDED NOTICE OF CLASS ACTION SETTLEMENT

This notice was authorized by the Court. It is not a solicitation from a lawyer.

***THIS IS NOT A BILL OR NOTICE OF A LAWSUIT AGAINST YOU.***

---

**If you received a letter from
Leopold & Associates, PLLC ("Leopold")
regarding a potential foreclosure on your home
you may benefit from this class action settlement.**

---

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **DO NOTHING BUT STAY IN THE CLASS** | By doing nothing, you will remain in the Class. If the Court approves the settlement, you will receive a payment from the settlement fund and give up any claim you may have against Leopold which arises from the letters your received. |
| **EXCLUDE YOURSELF BY <<Exclusion Deadline>>** | You will receive no benefits, but you will retain your legal claims against Leopold. You should consult with an attorney as to your legal claims before you exclude yourself. |
| **OBJECT BY <<Objection Deadline>>** | Write to the Court about why you don't like the settlement. You may also appear at the Hearing. |
| **ATTEND THE HEARING ON <<Hearing Date and Time>>** | Ask to speak in Court at the Hearing about the fairness of the settlement. Please see below regarding appearing in Court during the COVID pandemic. |

### 1. Why did I get this notice?

You are receiving this notice because you were identified as a person who Leopold mailed at least one of two form letters in connection with a foreclosure or potential foreclosure on your home. At least one of the letters was mailed between November 30, 2014 and December 21, 2015.

In June 2021, you previously received a similar notice. That notice incorrectly stated there were an estimated 500 members of the Class and, if the Court approved the proposed settlement, each member would receive approximately $24. Subsequent review of applicable records revealed that there were about 2,300 Class members and about 2,050 received the previous notice.

### 2. What is this lawsuit about?

This lawsuit claims Leopold violated a federal law known as the Fair Debt Collection Practices Act ("FDCPA" or "Act"). Plaintiffs' Amended Complaint alleges that Leopold's use of two form letters violated their rights protected by the Act.

### 3. Why is this a class action?

In a class action, one or more people called Class Representatives (in this case, Nochum Wilner and Esty Wilner), sue on behalf of a group (or a "Class") of people who have similar claims against Leopold arising from the use of those form letters.

### 4. Why is there a settlement?

To avoid the cost, risk, and delay of litigation, the Parties reached a settlement which, if approved by the Court, will resolve the Class's claims.

### 5. How do I know if I am part of the settlement?

The Court has certified a Class consisting of each natural person to whom Leopold mailed a "Post-Referral Solicitation Letter" or an "RPAPL 104 Demand Letter" to a New York mailing address during the "Class Period." The following definitions apply:

"**Post-Referral Solicitation Letter**" means a form letter created using the same or substantially the same template used to create the letter mailed to Nachum C. Wilner and Esty Wilner dated December 1, 2014 (a copy of which is attached to the Amended Complaint as Exhibit B [Doc. 47-2]);

"**RPAPL 104 Demand Letter**" means a form letter created using the same or substantially the same template used to create the letter mailed to Nachum C. Wilner and Esty Wilner dated December 9, 2014 (a copy of which is attached to the Amended Complaint as Exhibit C [Doc 47-3]); and

"**Class Period**" means the continuous time period beginning on November 30, 2014 and ending on December 21, 2015.

Based on Leopold's records, there are approximately 2,050 people in the Class and you are a Class Member.

## YOUR BENEFITS UNDER THE SETTLEMENT

### 6. What can I get from the settlement?

If you do nothing, you will remain in the Class. Leopold has agreed to create a $12,000 fund ("Class Recovery"). You will receive your equal share along with all other Class members who (1) receive this Notice and (2) do not exclude themselves from the Class. If everyone receives the Notice and no one excludes themselves from the Class, you will receive approximately $6. You will receive more if you stay in the Class and some members do not receive notice or exclude themselves. Any funds leftover due to rounding down necessary to ensure an equal distribution to each Class member or distribution checks which Class members fail to cash will be paid to a beneficiary designated by the Court. The beneficiary must be an eleemosynary institution which has no religious or political affiliations.

### 7.     When will I receive these benefits?

You will receive these benefits approximately 30-45 days after the Court enters a Final Approval Order. The Court will enter the Final Approval Order if, after the Hearing, it approves the settlement. If a Class member appeals the Final Approval Order, the distribution of benefits must wait the outcome of the appeal.

### 8.     I want to receive a payment and other benefits from the settlement. What do I do?

You do not need to do anything. By doing nothing, you will automatically be included in the settlement and will receive a check for your share of the Class Recovery.

### 9.     What am I giving up if I remain in the settlement?

By staying in the Class, the Court's orders will apply to you. This will include your "release." A release means you cannot sue or be part of another lawsuit against Leopold where the claims arise out of one of the form letters.

### 10.    How much will the Class Representative receive?

Each Class Representative will receive a payment of $3,000 which includes the claims for damages under the FDCPA and takes into account the Class Representative's services on behalf of the Class. This payment is subject to the Court's approval.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want to remain in the settlement, but you want to keep your legal claims against Leopold, then you must take steps to exclude yourself from this settlement.

### 11.    How do I get out of the settlement?

To exclude yourself from the settlement, you must send a letter by mail stating: (a) your name, address, and telephone number; (b) your Class Member ID number appearing at the beginning of this Notice; and (c) a statement to the effect of "I request to be excluded from the class settlement in *Wilner v. Leopold & Associates, PLLC*, Case No. 7:15-cv-09374-PED." You must mail your exclusion request so it is postmarked **no later than <<Exclusion Deadline>>**, to:

Wilner, et al. v. Leopold & Associates, PLLC, et al.
c/o [INSERT ADMINISTRATOR'S NAME & ADDRESS]

### 12. If I exclude myself, do I still receive benefits from this settlement?

No. You will not receive benefits resulting from the settlement. Instead, you will have the right to sue Leopold regarding the claims raised in this case, either on your own or as a part of a different lawsuit. If you exclude yourself, the time you have in which to file your own lawsuit (called the "statute of limitations") will begin to run again. You will have the same amount of time to file a suit that you had when this case was filed; you should consult an attorney to help you determine the statute of limitations for your claims.

## THE LAWYERS REPRESENTING YOU

### 13. Do I have a lawyer in this case?

The Court has appointed Philip D. Stern of KIM LAW FIRM LLC and Abraham Kleinman of KLEINMAN LLC to serve as Class Counsel. You will not be charged for these lawyers; however, they will receive a payment from Leopold in an amount to be determined by and approved by the Court. If you want to be represented by your own lawyer, you may hire one at your own expense. If you choose to hire your own lawyer, s/he must file an appearance by <<Objection Deadline>>.

### 14. How will the lawyers be paid?

Leopold has agreed to pay Class Counsel's reasonable attorneys' fees, costs, and expenses in the amount of $53,000. This amount is subject to the Court's approval. This payment will be paid by Leopold. This payment will not be taken out of, or in any way reduce, the Class Recovery. If the Court reduces the award, the amount of the reduction will not be added to, or in any way increase, the Class Recovery.

## CLASS COUNSEL'S VIEWS ABOUT THE SETTLEMENT

### 15. Is this a fair settlement?

Class Counsel believes this settlement is fair. The claims asserted on behalf of the Class against Leopold arise under the FDCPA. The FDCPA protects individuals from misconduct by debt collectors. The FDCPA only applies to the conduct of debt collectors when attempting to collect of debts which arise from transactions with individuals for their personal, family, or household purposes. When a debt collector violates the Act, the individual affected can recover (1) any actual damages caused by the debt collector's misconduct, (2) a limited amount of "statutory damages" for violating the individual's rights, and (3) the legal fees and expenses of the individual's lawyer.

An individual can bring a case for violation of the FDCPA to recover only the individual's claim. If the individual believes the debt collector engaged in the same misconduct with other individuals, the case can be brought as a class action. Each individual who brings the case can recover up to $1,000 in statutory damages. In a class action, the class's recovery of statutory damages is limited to 1% of the Defendant's

net worth or $500,000, whichever is less. Each member of the class receives an equal share of the class's recovery.

In this case, Leopold agreed to pay $1,000 to each Class Representative for their FDCPA claim. Leopold also agreed to pay each Class Representative $2,000 for their services on behalf of the class.

Leopold also agreed to pay $12,000 to be shared by the Class members. Based on review Leopold's confidential financial records which include records filed with the Court under seal, Class Counsel is satisfied that $12,000 exceeds 1% of Leopold's net worth. Therefore, the Class Recovery is more than what the Court could have awarded is this case went to trial.

### 16. What is the Defendant's view of this settlement?

As stated above, Leopold denies that it violated the FDCPA. Leopold desires to settle the claims of the Class solely to avoid the expense, burden, and uncertainty of further litigation, and to put to rest all claims related to his collection letter that is the subject of this lawsuit.

## OBJECTING TO THE SETTLEMENT

You are permitted to stay in the Class but, if you do not want the Court to approve this settlement, you can tell the Court that you do not agree with the settlement or some part of it.

### 17. How do I tell the Court that I do not like the Settlement?

If you are a Class Member, you can object to the settlement. To object to the settlement, you must send a written objection (such as a letter or legal brief) stating you object and the reasons why you think the Court should not approve the settlement. Your objection must be personally signed by you and include: (1) your name, address, and telephone number; (2) a sentence stating that to the best of your knowledge you are a Class; (3) the name and number of the case: *Wilner, et al. v. Leopold & Associates, PLLC,* Case No. 7:15-cv-09374-PED; (4) the specific grounds for the objection; (5) whether the objection applies only to you, to a specific subset of the class, or to the entire class; (6) the identity of any witnesses whom you may call to testify at the Hearing; and (7) copies of any exhibits you may seek to offer into evidence at the Hearing. Your written objection must indicate whether you or your lawyer(s) intend to appear at the Hearing. If you have a lawyer, your lawyer who intends to appear at the Hearing must enter a written Notice of Appearance of Counsel with the Clerk of the Court no later than <<Objection Deadline>> and must include the full caption and case number of each previous class action case in which that counsel has represented an objector. You must mail your objection so that it is postmarked no later than <<Objection Deadline>> to:

Clerk of the Court<br>
[INSERT CLERK'S ADDRESS]

You must also mail a copy of your objection to:

Wilner, et al. v. Leopold & Associates, PLLC, et al.<br>
c/o [INSERT ADMINISTRATOR'S NAME & ADDRESS]

## THE HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend if you wish, but you are not required to do so.

### 18. Where and when is the hearing?

The Court will hold a hearing on <<**Hearing Date and Time**>> in the courtroom of the Honorable Paul E. Davison, U.S.M.J., The Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse, 300 Quarropas St., White Plains, NY 10601-4150. **On or before that date and time, the Court may postpone the hearing to a later date and time.** The purpose of the hearing will be for the Court to determine whether the proposed settlement is fair, reasonable, and adequate and in the best interests of the Class and to determine the appropriate amount of compensation for Class Counsel. At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the proposed settlement.

**NOTICE REGARDING COVID-19.** Under current restrictions, the Hearing will be conducted remotely. Those restrictions may change prior to the Hearing date and the Hearing conducted in person. If you intend to appear, you **MUST** communicate with Class Counsel prior to the Hearing date. Class Counsel will advise you whether the Hearing will be conducted remotely or in-person. **DO NOT COME TO THE COURTHOUSE** unless Class Counsel informs you that the Hearing is being conducted in-person. instead, Class Counsel will provide with instructions on how to appear remotely.

YOU ARE **NOT** REQUIRED TO ATTEND THIS HEARING TO BENEFIT FROM THIS SETTLEMENT.

## GETTING MORE INFORMATION – CONTACT CLASS COUNSEL:

Philip D. Stern
KIM LAW FIRM LLC
411 Hackensack Avenue, Suite 701
Hackensack, NJ 07601
Telephone: (201) 273-7117

**<u>DO NOT ADDRESS ANY QUESTIONS ABOUT THE SETTLEMENT OR THE LITIGATION TO THE CLERK OF THE COURT OR TO THE JUDGE.</u>**
<u>They are not permitted to answer your questions.</u>