UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------x

NOCHUM C. WILNER, an individual and, ESTY WILNER; an individual, on behalf of themselves and all others similarly situated,

                Plaintiffs,

vs.

LEOPOLD & ASSOCIATES, PLLC, a New York Professional Limited Liability Company; OCWEN LOAN SERVICING, LLC, a Delaware Limited Liability Company; and JOHN AND JANE DOES NUMBERS 1 THROUGH 25,

                Defendants.

---------------------------------------x

CASE NO. 7:15-cv-09374-KMK

**FINAL JUDGMENT APPROVING CLASS ACTION SETTLEMENT AGREEMENT**

 

This matter having come before the Court for a hearing on December 3, 2021 at 10 AM pursuant to its *Order Granting Preliminary Approval of Class Action Settlement Agreement* [Doc. 154], and, based on papers filed by the Parties, the Court finds that:

    (A)   *Class Defined.* The Agreement [Doc. 135-2] defines the Class as follows:

> All natural persons to whom Leopold and Associates PLLC mailed a Post-Referral Solicitation Letter or an RPAPL 104 Demand Letter using a New York mailing address during the Class Period.

    where:

> "Post-Referral Solicitation Letter" means a form letter created using the same or substantially the same template used to create the letter mailed to Nachum C. Wilner and Esty Wilner dated December 1, 2014 (a copy of which is attached to the Amended Complaint as Exhibit B [Doc. 47-2]);
>
> "RPAPL 104 Demand Letter" means a form letter created using the same or substantially the same template used to create the letter mailed to Nachum C. Wilner and Esty Wilner dated December 9, 2014 (a copy of which is

        attached to the Amended Complaint as Exhibit C [Doc 47-3]); and

        "Class Period" means the continuous period of time beginning on November 30, 2014 and ending on December 21, 2015.

(B) *Class Notice; No Objections.* The Court initially granted preliminary approval by Order [Doc. 141] on April 23, 2021 including the form and method of notice to the Class. After concluding the Class should be re-noticed, the Court entered an Order [Doc. 154] on September 27, 2021 including the approval of the form and method of a revised Class Notice. Based on the Declarations of the administrator [Docs. 143 and 154], two Class members excluded themselves in response to the initial notice; no Class members requested exclusion in response to the later notice; and there are 1,900 Remaining Class Members (being those Class Members who did not exclude themselves and whose notices were not returned to the administrator as undeliverable). In addition, as reflected in Doc. 142, Defendant fulfilled its obligation to notify public officials pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1746. Neither the Court, counsel for the parties, nor the administrator received any objections to this Court approving the proposed settlement.

(C) *Settlement is Fair, Reasonable, and Adequate.* Having considered the factors under FED. R. CIV. P. 23(e)(2) and under *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974), the Court concludes that Class Action Settlement Agreement is fair, reasonable, and adequate.

(D) *Incentive Award is Reasonable.* Based on *McBean v. City of N.Y.*, 2 F.R.D. 377 (S.D.N.Y. 2006) and *Sheppard v. Consol. Edison Co. of N.Y., Inc.*, 94-CV-0403

(JG), 2002 U.S. Dist. LEXIS 16 2002 WL 2003206 (E.D.N.Y. Aug. 1, 2002), the $2,000 incentive award to each of the two individual plaintiffs as provided for in the Class Action Settlement Agreement is reasonable.

(E) *Attorney's Fees are Reasonable.* Based on the Declarations [Docs. 135, 135-3, and 158-1] concerning the experience, time expended, and hourly rates of Class Counsel, the $53,000 for Class Counsel's attorney's fees and litigation expenses as provided for in the Class Action Settlement Agreement is reasonable.

(F) The application for Final Approval of the Class Action Settlement Agreement should be granted.

Accordingly, and for good cause shown, the Court hereby **ORDERS, ADJUDGES, AND DECREES** as follows:

1. The Court has jurisdiction over the subject matter of the Lawsuit, the Parties, and all members of the Class.

2. The Court APPROVES the Class Action Settlement Agreement and the capitalized terms in this Order shall have the same meaning as set forth in the Agreement. Accordingly:

    a. This Order is the Final Approval Order.

    b. The Parties and Class Counsel are hereby directed to complete the settlement in accordance with the Agreement.

    c. In accordance with ¶3.a. of the Agreement, each Remaining Class Members release Defendants of the Class Claims.

    d. In accordance with ¶3.b. of the Agreement, each Plaintiff releases Defendants of his or her claims which, as of the date he or she sign the Agreement, he or she

could have asserted against Defendant in this Lawsuit or by commencing either a civil action or an arbitration proceeding.

  e. The Administrator shall distribute the Class Fund to the Remaining Class Members within the time provided in the Agreement.

3. The Court APPROVES the award of $3,000 to each Plaintiff including the award of $2,000 as an incentive award.

4. The Court APPROVES the award of $53,000 to Class Counsel for attorneys' fees, costs, and litigation expenses.

5. The Court approves the Parties' request to designate The Legal Aid Society of Westchester County as the Beneficiary to receive any undistributed Class Funds.

6. The Court further reserves and retains exclusive and continuing jurisdiction over the Settlement concerning the administration and enforcement of the Settlement Agreement and to effectuate its terms.

**SO ORDERED:**

_____
Honorable Paul E. Davison

1/25/22