```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/12/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

NOCHUM WILNER et al.,

                Plaintiffs,

       -against-

LEOPOLD & ASSOCIATES, PLLC et al.,

                Defendants.

-----------------------------------------------------------------X

15-cv-9374

**OPINION & ORDER**

VICTORIA REZNIK, United States Magistrate Judge:

    Currently before the Court are submissions from Plaintiffs' counsel regarding how to divide $53,000.00 of previously awarded attorneys' fees and costs among them. (ECF No. 181 – 185). For the reasons below, the Court allocates costs of $512.60 to Kleinman LLC; $6,021.45 to Stern Thomasson LLP (STLLP); and $40.26 to the Kim Law Firm (KLF). The Court also allocates attorney's fees of $15,320.48 to Kleinman and $31,105.21 to Philip Stern and KLF.

## BACKGROUND

    This was a class action case that raised claims arising under the Fair Debt Collection Practices Act (FDCPA). On January 25, 2022, Judge Paul E. Davison approved a final settlement agreement that awarded a total of $53,000.00 for "Class Counsel's attorney's fees and litigation expenses." (ECF No. 162 at 3). The $53,000.00 is in an Attorney Trust IOLA Account belonging to Abraham Kleinman. (ECF No. 183).[1]

---

[1] The $53,000.00 has remained in this account because STLLP, through a court-appointed receiver that previously controlled STLLP, asserted a charging lien over the contested funds. (ECF Nos. 166 at 4; 167-1; 185-1 at 5; 185-17). On August 30, 2023, this Court granted STLLP's request for all Plaintiffs' counsel to "submit their fee requests and allow the court to fix the amount due each firm." (ECF No. 173 at 3; ECF No. 175)

Abraham Kleinman of Kleinman LLC, Philip Stern of STLLP, and Andrew Thomasson of STLLP all filed notices of appearance on behalf of Plaintiffs.[2]  On or about January 25, 2021, Philip Stern became *Of Counsel* to KLF and STLLP dissolved.  (ECF No. 182 at 1 - 2).  Philip Stern continued to represent Plaintiffs after joining KLF and Andrew Thomasson filed a notice of withdrawal.  (ECF Nos. 129; 182 at 1 – 2).

Abraham Kleinman, KLF, and STLLP, have each filed submissions proposing how the $53,000.00 should be divided.  Kleinman asserts that "[i]t was the understanding of all counsel representing the plaintiffs that I was to receive 33+% of any recovered attorneys' fees after costs."  (ECF No. 183).[3]  Kleinman also seeks reimbursement of $512.60 of costs and submitted time records that show he expended 38.10 hours on this case.  (ECF Nos. 183-1 at 3; 186).

KLF[4] requests that KLF, STLLP, and Kleinman first be reimbursed for their costs, then Kleinman be awarded 33% of the remaining balance as attorney's fees, and finally the remaining 67% be proportionally split between KLF and STLLP according to their lodestars.  (ECF No. 181 at 2).  KLF claims $40.26 in costs and $69,633 in attorney's fees (including about 65.5 hours billed by Philip Stern, 3.9 hours billed by Yongmoon Kim, and 37.2 hours billed by paralegals).  (ECF No. 182 at 11).[5]

---

[2] On July 31, 2023, after the case settled, Yongmoon Kim of KLF filed a notice of appearance to initiate this attorney's fee dispute.
[3] Kleinman submits evidence that when attorney's fees were recovered from Defendant Ocwen in this case, Kleinman received exactly 40% of the awarded fees.  (ECF No. 183-3).
[4] Due to a provision in the September 2, 2021, Settlement Agreement (the STLLP Settlement Agreement) that dissolved STLLP, Mr. Stern is limited in his ability to participate in fee disputes regarding KLF and STLLP.  (ECF No. 182 at 2).  Consequently, Yongmoon Kim has not communicated with Stern about STTLP's submissions.  (ECF No. 181 at 1).  Nonetheless, this Court describes KLF's submission as being submitted with Stern, because Stern is currently affiliated with KLF and was the individual from KLF with the highest number of billable hours for this case.  (ECF No. 182 at 11).
[5] KLF submitted time records that show 66 hours billed by Philip Stern, 4 hours billed by Yongmoon Kim, and 57.9 hours billed by paralegals.  (ECF No. 187-1 at 28).  These records also indicate that KLF incurred a total of $65,514.50 in attorney's fees.  *Id*.  KLF does not offer an explanation that resolves the disparity between the attorney's fees that they claim in their September 25 submission (ECF No. 182) and their time records (ECF No. 187-1).  KLF does state that they excluded "15 hours from the time records incurred pre-filing of the letter motion seeking attorney's fees and costs (ECF No. 182) and excluded 3.2 hours from the time records incurred post-filing."

Andrew Thomasson and STLLP[6] initially requested that STLLP and Kleinman be awarded their costs and then be awarded fees "in proportion to the services performed by each lawyer." (ECF No. 184 at 4). Then, in their reply papers, Thomasson and STLLP changed positions and now argue that Kleinman's fee requests should be denied altogether, because the agreement to give Kleinman 33% was not properly disclosed. (ECF No. 185). STLLP thus argues that it should be awarded $6,021.45 in costs and $48,312.00 in fees, based entirely on 60.39 hours worked by Philip Stern while he was affiliated with STLLP. (ECF No. 184-1 at 2). STLLP provided no records or estimates of time spent on the case by Andrew Thomasson.

## DISCUSSION

Federal courts may exercise supplemental jurisdiction to hear disputes over the division of attorney's fees when the dispute relates to the main action, it serves the purposes of judicial economy, and the Court is best positioned to resolve the dispute due to its familiarity with the underlying litigation. *See Pasqualini v. Mortgageit Inc.*, No. 05 CIV. 9714 LAP, 2010 WL 3001971, at *1 (S.D.N.Y. July 19, 2010). Here, the fee dispute relates to the main action and judicial economy is best served by the Court exercising supplemental jurisdiction to decide how to allocate $53,000.00 of attorney's fees and costs that it previously awarded.

### A. Allocation of Costs

Judge Davison awarded "$53,000.00 for Class Counsel's attorney's fees and litigation expenses." (ECF No. 162). The Class Action Settlement Agreement states that "'Class Counsel'

---

(ECF 187). However, those numbers do not account for the differential between ECF Nos. 182 and 187. Regardless, the hours expended by KLF do not seem unreasonable and, in any event, as explained *infra*, the Court will only be granting KLF attorney's fees of $31,105.21, based primarily on time billed by Philip Stern.

[6] The Court classifies STLLP and Thomasson together because the STLLP Settlement Agreement that dissolved STLLP stated that "[s]ubject only to the terms of this Agreement and upon the dismissal of the Action and District Court Action, Stern shall convey, transfer, and assign his entire interest in the Firm [STLLP], legal and equitable and beneficial to Thomasson…" (ECF No. 182-3 at 2). Indeed, it is Thomasson who is currently tasked with collecting STLLP's receivables. (ECF No. 184-1 at 2). The Court does take notice, however, that Stern claims that because certain conditions are not satisfied, he retains a 50% interest in STLLP. (ECF No. 166 at n. 1).

3

means Abraham Kleinman, Esq. and Philip D. Stern, Esq." (ECF No. 135-2 at 5).  Throughout this case, Abraham Kleinman was part of Kleinman LLC.  As explained above, Philip Stern began the case affiliated with STLLP and then moved firms to KLF.  (ECF No. 182 at 1-2).  Kleinman, STLLP, and KLF all seek to have their expenses reimbursed.  Kleinman seeks $512.60 of expenses and submitted corresponding receipts.  (ECF No. 183-4).  STLLP seeks $6,021.45 of expenses and submitted corresponding receipts.  (ECF Nos. 184-1 and 184-3).  KLF seeks $40.26 of expenses consisting of costs for copying, online research, and postage, but only submitted receipts that show $6.25 of online research.  (ECF No. 182-5).

The Court grants each of these requests.  Although KLF did not produce receipts for $34.01 of copying and postage, the Court finds these amounts *de minimis* and reasonable, considering the reduced fees to be awarded to KLF below. *See generally, Carbajal et al. v. K&P Facilities Maintenance et al.*, No. 23-cv-269-AK, slip op. at 9. (S.D.N.Y. June 22, 2023) (awarding $70 process server fee despite a lack of documentation because the total amount of fees and costs "is still well below the total lodestar amount" and is "fair and reasonable.")

B.  **Allocation of Attorney's Fees for Kleinman LLC**

After deducting costs, $46,425.69 remains to be divided among counsel as attorney's fees.  Kleinman argues, and KLF agrees, that he and his firm are entitled to 33% of this figure ($46,425.69 *.33 = $15,320.48), based on a previous agreement among counsel. (ECF Nos. 181 at 2; 183-1 at 2).  STLLP objects and argues that the 33% agreement should be considered void because it was neither disclosed to the Court (under Local Rule 23.1), nor shared with Plaintiffs by written agreement under various rules of professional conduct.  (ECF No. 185).

It is true that Local Rule 23.1 requires class counsel to inform the court about existing fee sharing agreements.  But given the facts here, the Court will not invalidate the "33%+"

agreement due to a failure to abide by this rule. The chief purpose behind this rule is to guard against potential conflicts of interest between counsel and the class. *See, e.g., In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 216, 226 (2d Cir. 1987) (invalidating fee sharing agreement due to "substantial" potential for conflicts of interest). Indeed, the test is whether "class counsel are placed in a position that might endanger the fair representation of their clients and whether they will be compensated on some basis other than for legal services performed." *Id.* at 224. Here, there is no basis to believe that a substantial risk of conflict exists between counsel and their clients, nor is there any indication that Kleinman would be compensated on some other basis than legal services performed. Indeed, as explained below, Kleinman will be receiving fees in proportion to the time he spent on this case.

Although the specific terms of the fee sharing agreement may not have been disclosed to the Court, it was no secret that Kleinman and Stern would be sharing any awarded fee. Both served as class counsel from the start of this case, a fact well known to the Court and to Plaintiffs. (ECF Nos. 1, 19). Indeed, the Court's initial award of attorney's fees was based, in part, on submissions from both counsel. (ECF Nos. 135, 135-3, 154, 158-1). Thus, even without knowing the specific terms of a fee sharing agreement, the Court already knew that some form of fee splitting was likely. So did plaintiffs, as their declarations acknowledged that Kleinman was one of their attorneys and that their "attorneys will be paid as directed by the Court." (ECF Nos. 135-2 at 5; 135-4 at 2; 135-5 at 2). Thus, this case substantially differs from those in which counsel agrees to share fees with lawyers unknown to the parties or to the Court altogether. *See, e.g., Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84 (2d Cir. 2010) (noting that the magistrate judge had never heard of the attorney, nor could one Plaintiff even recall his name).

STLLP also contends that the Court should invalidate the "33%+" agreement because it violates rules of professional conduct. New York Rule of Professional Conduct § 1.5(g)[7] provides that if lawyers from different law firms wish to divide a fee, the client must agree in writing after full disclosure that a division of fees will be made. N.Y. R. Prof. Cond. § 1.5(g). But as STLLP acknowledges, violation of this rule does not necessarily render the fee splitting agreement void. (ECF No. 185 at 5). Indeed, in *Marin v. Constitution Realty*, the New York Court of Appeals held that an agreement between co-counsel to split a fee was enforceable even though the client was not notified and did not consent. *Marin*, 28 N.Y.3d 666, 672, 71 N.E.3d 530 (2017). The court emphasized that "[Attorney] Menke's attempt to use the ethical rules as a sword to render unenforceable, as between two attorneys, the agreements with [Attorney] Manheimer that she herself drafted is unavailing." *Id.* Here, too, it appears that STLLP, and Thomasson specifically, entered into the very agreement with Kleinman that they are now seeking to invalidate. Andrew Thomasson himself sent an email to Kleinman on October 24, 2018, allocating 40% of the attorney's fees to Kleinman from Defendant Ocwen's earlier settlement in this case. (ECF No. 183-3). In addition, the settlement agreement that dissolved STLLP refers to this case by name and states, "in *Wilner* where Stern confirmed the arrangement was that Abraham Kleinman would receive 'a third (1/3) plus' of net attorney's fees (after deducting awarded costs)." (ECF No. 182-3 at 9). Thus, this Court agrees with the logic in *Marin* and finds unavailing the attempt by STLLP to use the ethical rules as a sword to render their own agreement with co-counsel unenforceable to deprive co-counsel of fees. No doubt the

---

[7] STLLP also argues that the Court should void the fee splitting agreement because it violates a similar rule of professional conduct from New Jersey that applies to Stern and Thomasson as New Jersey attorneys. (ECF No. 185 at 5). However, STLLP has not presented any evidence that Kleinman is a New Jersey attorney. This Court declines to void the fee-splitting agreement and deny Kleinman attorney's fees for violating an ethical rule without any proof that Kleinman is even bound by that rule.

purpose of these ethical rules is to ensure that clients know their attorneys will be splitting fees with another lawyer. Here, as noted above, Plaintiffs knew that Kleinman would be receiving payment. Not only was he identified as class counsel in the settlement agreement, but in each Plaintiffs' declaration they acknowledged that Kleinman was one of their attorneys who would be "paid as directed by the Court." (ECF Nos. 135-2 at 5; 135-4 at 2; 135-5 at 2).

If the Court uses the lodestar method as a cross-check to ensure the reasonableness of Kleinman's proposed attorneys' fees, the Court reaches the same conclusion. As STLLP notes, "fee splitting agreements offer no more than non-mandatory guidance because the court is under a duty to evaluate the quantity and quality of the representation by each attorney in order to ensure that the fees are appropriate." (ECF No. 185 at 4) (quoting *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 90 (2d Cir. 2010)). Here, Kleinman engaged in substantive representation of Plaintiffs as he expended 38.10 hours on this case. (ECF Nos. 183-1 at 3; 186). The quantity and quality of Mr. Kleinman's representation was arguably already approved when Judge Davison awarded $53,000 in attorney's fees at the end of the case. In any event, if the Court uses the lodestar method and applies Philip Stern's previously approved hourly rate of $800 to Kleinman's 38.10 hours, that would entitle Kleinman to a lodestar of $30,480.00. This amounts to about twice the $15,320.48 that Kleinman would receive under the proposed "33%+" agreement. (ECF Nos. 158-1 at 2; 162; 186). And if the Court applies the hourly rate STLLP claims is reasonable for partners of $300 - $450, this would entitle Kleinman to a lodestar of $11,430.00 to $17,145.00, which is in line with the amount Kleinman would be entitled to under his fee sharing agreement with counsel. (ECF No. 185 at 7). This underscores the reasonableness of awarding Kleinman 33% of the remaining attorney's fee award and honoring the agreement among counsel.

### C. Allocation of Remaining Attorney's Fees

After deducting costs and then allotting 33% for Kleinman, $31,105.21 remains. KLF requests that the remaining $31,105.21 be split "proportionally." (ECF No. 181 at 2). STLLP first requested that "counsel having an agreement with the Plaintiffs [STLLP and Kleinman]" be awarded fees "in proportion to the services performed by each lawyer." (ECF No. 184 at 4). In its reply papers, STLLP now claims that STLLP should receive all that remains. (ECF No. 185).

Since its dissolution, it appears that STLLP is now – essentially – Thomasson.[8] (ECF No. 182-3 at 2). KLF is a small law firm consisting of approximately two attorneys, one of which is Philip Stern. (ECF No. 182 at 8). Thus, the dispute over how to divide the remaining $31,105.21 essentially boils down to how to divide the money between Philip Stern (and his law firm KLF), on the one hand, and Andrew Thomasson, on the other.

In this Court's view, the remaining $31,105.21 should be divided proportionally based on the work performed by each lawyer. Generally, unless a discharged attorney elects to receive compensation based on *quantum meruit* at the time of discharge, when a dispute over attorney's fees arises at the end of a litigation it is appropriate to divide fees based on the pro rata share of work performed by each lawyer. *See Vitalone v. City of New York*, 395 F. Supp. 3d 316, 323 (S.D.N.Y. 2019); *Cohen v. Grainger, Tesoriero & Bell*, 81 N.Y.2d 655, 658, 622 N.E.2d 288, 289 (1993).

STLLP submitted contemporaneous time records for time billed for this case, which consisted entirely of 60.39 hours billed by Philip Stern before he left the firm. (ECF No. 184-2). Andrew Thomasson explained that "[n]ot included are fees for services provided by me or fees for services provided by Stern prior to October 5, 2016. These records are no longer readily

---

[8] *Supra* note 6.

8

accessible, and I have made diligent attempts to extract the data from the electronic records in which these time and expense entries are stored; however, I have been unable to do so to date." (ECF No. 184-1 at 3). KLF claims they billed 106.6 hours, of which 65.5 hours were billed by Philip Stern, 3.9 hours were billed by Yongmoon Kim, and 37.2 hours were billed by paralegals. (ECF Nos. 182 at 11; 182-5).[9]

STLLP – which is now, essentially, Thomasson – seeks attorney's fees for work that Stern completed before joining KLF and seeks to deny KLF fees for work that Stern completed while at KLF. (ECF Nos. 184 and 185). This outcome would not be fair or reasonable. *Pasqualini*, 2010 WL 3001971, at *1 (awarding "the vast majority of attorney's fees" to the lawyer who "contributed the vast majority of beneficial services to Plaintiff."). It is clear from the parties' submissions that Philip Stern (as compared to Thomasson) completed most, if not all, the work. He has billed – by far – the highest number of hours and appears to have been involved in each stage of the litigation including discovery, settlement, and various court filings. (ECF Nos. 182-5; 184-2; 185 at 2). In fact, the Class Action Settlement Agreement states that Abraham Kleinman and Philip Stern are "class counsel," not Andrew Thomasson. (ECF No. 135-2 at 5). Likewise, the proposed notice to the class defines "class counsel" as "Philip D. Stern of the Kim Law Firm and Abraham Kleinman of Kleinman LLC." (ECF No. 135-2 at 26). Notably, the Class Action Settlement Agreement naming Stern as class counsel was signed on or about January 14, 2021, even before Thomasson filed his notice of withdrawal on February 17, 2021. (ECF No. 129). And when Stern left STLLP to join KLF, Thomasson filed his notice of withdrawal. *Id.* All this further suggests that Thomasson's role was more limited than Stern's, both during and after Stern's association with STLLP.

---

[9] *Supra* note 5.

Also, when Judge Davison awarded the $53,000.00, he did so based on Stern's representation that, at the time, since joining KLF he had expended 57.8 hours, Yongmoon Kim had expended 1.2 hours, and paralegals had expended 19.8 hours.  (ECF Nos. 158-1 at 2 - 3; 162 at 3).  Thus, denying Stern or KLF fees for work performed by Stern while practicing at KLF would stray from Judge Davison's previous ruling.

In sum, the Court will divide the fees based on the proportion of the work performed by each attorney.  Based on the submissions received, Philip Stern of KLF and KLF are entitled to all the remaining $31,105.21.  The only records the Court received for time billed by STLLP show time worked by Philip Stern, not Andrew Thomasson.  By contrast, KLF shows time worked by Philip Stern, Yongmoon Kim, and paralegals from KLF.[10]  And even apart from KLF's current submissions, the Court has Philip Stern's declaration in support of the $53,000 previously awarded by Judge Davison. This alone would suffice to support the Court's current allocation of $31,105.21 to Stern and KLF.

## CONCLUSION

For the reasons above, the Court divides the $53,000.00 by first allocating costs of $512.60 to Kleinman LLC, $6,021.45 to STLLP, and $40.26 to KLF. The Court divides the remaining balance by awarding attorney's fees of $15,320.48 to Kleinman and $31,105.21 to Philip Stern and KLF.

**SO ORDERED.**

DATED:    White Plains, New York
          December 12, 2023

_____
VICTORIA REZNIK
United States Magistrate Judge

---

[10] Notably, Judge Davison awarded the $53,000.00 to "Class Counsel," and the Class Action Settlement Agreement states, "'Class Counsel' means Abraham Kleinman, Esq. and Philip D. Stern, Esq.," not Kleinman LLC and STLLP. (ECF Nos. 135-2 at 5; 162).

10