USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/22/2024

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X

NOCHUM WILNER et. al.,

                        Plaintiff,

              -against-

LEOPOLD & ASSOCIATES, PLLC et. al.,

                       Defendants.
----------------------------------------------------------------X

7:15-cv-9374-VR

**<u>OPINION & ORDER</u>**

**VICTORIA REZNIK, United States Magistrate Judge:**

      Currently before the Court is Stern Thomasson's (STLLP's) motion to reconsider the Court's December 12, 2023, Order.  (ECF Nos. 190). For the reasons below, the motion to reconsider is **DENIED**.

## <u>BACKGROUND[1]</u>

      On January 25, 2022, Judge Paul E. Davison approved a final settlement agreement that awarded a total of $53,000 for "Class Counsel's attorney's fees and litigation expenses."  (ECF No. 162 at 3).[2]  Abraham Kleinman of Kleinman LLC, Philip Stern of STLLP, and Andrew Thomasson of STLLP, all appeared on behalf of Plaintiffs.[3]  On or about January 25, 2021, Philip Stern became *Of Counsel* to KLF.  (ECF No. 182 at 1 – 2).  Abraham Kleinman, KLF, and STLLP, each filed submissions proposing how the $53,000 should be divided.  (ECF Nos. 181 – 185).  On December 12, 2023, this Court issued an order dividing the $53,000 by first allocating costs of $512.60 to Kleinman LLC, $6,021.45 to STLLP, and $40.26 to KLF, and then dividing

---

[1] Familiarity with the facts of the case and its procedural history is assumed. Thus, this Opinion only recounts the most relevant facts and procedural history.

[2] All page numbers refer to the blue page numbers printed on the top of each ECF filed page.

[3] On July 31, 2023, after the case settled, Yongmoon Kim of the Kim Law Firm (KLF) filed a notice of appearance to initiate this attorney's fee dispute.

the remaining balance by awarding attorney's fees of $15,320.48 to Kleinman and $31,105.21 to Philip Stern and KLF.  (ECF No. 188).

On December 26, 2023, STLLP moved to reconsider under Local Rule 6.3, and KLF filed their opposition papers on January 9, 2024.  (ECF Nos. 188 – 193).

## DISCUSSION

### I.     Standard of Review

Under Local Rule 6.3, a party moving for reconsideration of a court order must "set[ ] forth concisely the matters or controlling decisions which counsel believes the Court has overlooked."  Local Civ. R. 6.3.  "[A] party may move for reconsideration and obtain relief only when the party identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021) (citation omitted).  "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Van Buskirk v. United Grp. of Companies, Inc.*, 935 F.3d 49, 54 (2d Cir. 2019) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).  Indeed, "[a] motion for reconsideration is an extraordinary request that is granted only in rare circumstances, such as where the court failed to consider evidence or binding authority."  *Van Buskirk*, 935 F.3d at 54.  "The decision to grant or deny a motion for reconsideration is within the sound discretion of the district court."  *Occilien v. Related Partners, Inc.*, No. 19 Civ. 7634, 2021 WL 1222289, at *1 (S.D.N.Y. Apr. 1, 2021) (citation omitted).

## II.      STLLP Failed to Present Sufficient Evidence to Grant a Motion to Reconsider

STLLP contends that this Court should grant their motion for reconsideration because (1) the Court erred when it held that "because STLLP was a 'dissolved' partnership, 'STLLP is now – essentially – Thomasson'"; (2) neither KLF nor Kleinman "questioned STLLP's right to recover its unpaid, accrued attorney's fees"; and (3) class representatives Nochum and Etsy Wilner contemplated that STLLP would receive compensation.  (ECF No. 190 at 3 – 4).

### A.  The Court Did Not Err by Noting that STLLP "is now, essentially, Thomasson"

STLLP states that "[t]he Court erred when it held that because STLLP was a 'dissolved' partnership, 'STLLP is now – essentially – Thomasson.'"  (ECF No. 190 at 3).  STLLP also asserts that the Court erred "[b]y deeming STLLP terminated."  (*Id.*)  Instead, STLLP argues that "[a]s a matter of law and fact, STLLP is not Thomasson and continues as a stand-alone entity until the winding up of its affairs is complete," and that "[t]he record does not reflect that STLLP has completed the 'winding up of partnership affairs.'"  (*Id.* at 3 – 4).

But STLLP misconstrues the Court's opinion.  The Court did not deem STLLP terminated or conclude that because "STLLP is now – essentially – Thomasson," it could not seek its receivables as part of winding up its partnership.[4]  (*Id.* at 3 – 4).  Indeed, the Court noted that Thomasson is "currently tasked with collecting STLLP's receivables" and that "Stern claims that because certain conditions are not satisfied, he retains a 50% interest in STLLP."  (ECF No. 188 at 3 n.6).

In any case, even assuming the Court did misstate whether STLLP is terminated or whether STLLP is now Thomasson, the Court did not decline STLLP's request for attorney's fees for this reason.  In fact, at STLLP's request, the Court permitted STLLP – as well as all

---

[4] STLLP also ignores that the Court wrote that STLLP is "essentially" Thomasson, not that STLLP is in fact Thomasson.  (ECF No. 188 at 8 – 9).

other Plaintiff's counsel – to file a submission that explained their basis for collecting the outstanding attorney's fees.  (ECF No. 175).  Upon receipt of the submissions, it was clear that Philip Stern "completed most, if not all, the work," and was defined as "class counsel" in the Class Action Settlement Agreement and Notice to the Class.  (ECF No. 188 at 9).  In contrast, Thomasson could provide no proof of hours worked.  (*Id.*)

STLLP argued that it should be awarded attorney's fees for work that Stern completed before joining KLF, and that KLF should be denied fees for work that Stern completed while at KLF.  (ECF Nos. 184 and 185).  But as the Court explained in its December 12 Order, when Judge Davison awarded the $53,000, he did so based on Stern's representation that "since joining KLF" he had expended 57.8 hours, Yongmoon Kim had expended 1.2 hours, and paralegals had expended 19.8 hours.  (ECF No. 188 at 10).  The Court found that "[t]his alone would suffice to support the Court's current allocation" of attorney's fees.  (*Id.*)  The Court also discussed state and federal caselaw about the disputed division of fees among lawyers after one lawyer is discharged from the case and concluded that attorney's fees should be "divided proportionally based on the work performed by each lawyer."  (*Id.* at 8 – 9).  The Court then did just that and awarded proportional fees to each lawyer based on time records showing the hours of work performed.

B.  Whether KLF and Kleinman Question STLLP's Right to Recover is not a Sufficient Basis for Granting a Motion to Reconsider

STLLP adds that "[n]either Kim Law Firm nor Abraham Kleinman questioned STLLP's right to recover" attorney's fees and that KLF proposed splitting fees based on the firm's lodestars.  (ECF No. 190 at 4).  To begin with, the Court notes that KLF's and Kleinman's submissions were originally filed before STLLP revealed that it intended to base its claim for

attorney's fees entirely on work performed by Philip Stern.[5]  In any event, this is not a sufficient basis for granting a motion to reconsider.  Even if KLF and Kleinman were to disagree with the Court's ruling, that would not be grounds for granting a motion to reconsider.  STLLP has identified no overlooked decision or data that warrants changing the Court's earlier opinion.

C.  Even If Nochum and Etsy Wilner Contemplated that STLLP Would Receive Compensation, STLLP Failed to Present Sufficient Evidence to Grant a Motion to Reconsider

Lastly, STLLP reiterates an argument from their original motion papers that class representatives, Nochum and Etsy Wilner, contemplated that STLLP would receive compensation because their declarations state "I am neither employed by, nor related to, any of my attorneys, [STLLP] and Kleinman PLLC or anyone employed by them. My attorneys will be paid as directed by the Court[.]"  (ECF Nos. 184 at 3; 190 at 4).  But "a motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257.  Indeed, a motion to reconsider is not supposed to be a "second bite at the apple." *Occilien*, No. 19 Civ. 7634, 2021 WL 1222289, at *1 (citations omitted).  STLLP also ignores that Nochum and Etsy Wilner acknowledge that "their attorneys will be paid *as directed by the court*."  (ECF 190 at 4) (emphasis added).  Also, as the Court mentioned in its Order, the Class Action Settlement Agreement – a document signed by Nochum and Etsy Wilner – specifically defines class counsel as "Abraham Kleinman, Esq. and Philip D. Stern, Esq." (ECF No. 188 at 9).

---

[5] These submissions were originally filed on September 22, 2023, and then re-filed on September 25, 2023, (KLF) and September 26, 2023, (Kleinman) due to a filing error.

## **CONCLUSION**

For these reasons, Plaintiff's motion for reconsideration is DENIED. The clerk of the

Court is respectfully requested to terminate the pending motion (ECF Nos. 189 - 191).

**SO ORDERED.**

DATED:      White Plains, New York
            April 22, 2024

_____
VICTORIA REZNIK
United States Magistrate Judge